ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Jan-24 18:06:14
60CV-21-624
C06D04 : 6 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
DIVISION_____

**CARLOS HALL, SR.**                                                                                               **PLAINTIFF**

vs.                                          **CASE NO. 60CV-21-_____**

**TURN KEY HEALTH CLINICS, LLC**                                                                    **DEFENDANT**

### COMPLAINT

**COMES** the Plaintiff, CARLOS HALL, SR., by and through Counsel, SUTTER & GILLHAM, P.L.L.C.; and, for this Complaint, he states:

### PARTIES & JURISDICTION

1. Plaintiff is a disabled resident and citizen of Pulaski County, Arkansas, who brings this action for violation of the Arkansas Medical Malpractice Act, ACA § 16-114-201, *et seq.*, and for medical negligence.

2. Defendant, TURN KEY HEALTH CLINICS, LLC, (hereinafter "Turn Key"), is a private company, organized and existing under the laws for the state of Arkansas who provides health care services to inmates at and under contract to the Pulaski County Regional Detention Facility.

3. Since the acts giving rise to this case occurred in Pulaski County, venue is proper. This Court has personal jurisdiction over the parties as well as, subject matter jurisdiction. All actions alleged herein were taken under color of state law.

### GENERAL ALLEGATIONS OF FACT

4. Plaintiff is an individual with paraplegia and a spinal cord injury. Plaintiff requires use of a wheelchair for mobility and will continue to do so for the rest of his life.

5. Additionally, Plaintiff is incontinent for bowel and bladder, has an existing cystostomy, and relies on suprapubic catheterization to void urine.



6. Due to his paraplegia, Plaintiff is limited in his ability to ambulate, transfer and turn himself independently. Consequently, Plaintiff is substantially limited in his ability to walk, lift himself, and care for himself.

7. In 2019, Plaintiff was incarcerated in the Pulaski County Jail where Defendant is responsible for providing health care to the inmates.

8. During the times in 2019 when Plaintiff was incarcerated at the Pulaski County Regional Detention Facility, Defendant failed to provide or document any peri care or catheter care that should have been provided during Plaintiff's 2019 incarcerations, resulting in at least one (1) hospital admission on 4/15/2019.  They did not provide him the correct size catheter or bulb.  He told them what size they needed.  This is necessary for him to be able to urinate.  This led to leakage of urine around the site of the stoma, which would go on to his clothing, make him stink, and need to change.  It also led to infection which led to the hospital admission, along with large bedsores.

9. While incarcerated in 2019 at the Pulaski County Regional Detention Facility, Plaintiff developed pressure sores because Defendant failed to conduct or document daily skin integrity assessments or to provide staff to assist him with transfers, turning or doing pressure releases when he was seated in a wheelchair.  Paraplegic and quadraplegics require chairs specifically prescribed and fitted for them. This is true of cushioning in the chair as well.  Plaintiff had such a chair and cushioning that had been prescribed for him.  Defendant Turnkey, when it was noting these problems, had an obligation to at least prescribe, if not provide, an appropriate, fitted wheelchair and cushioning, but they did not.  This was part of the cause of the bedsores, along the failure to turn, provide skin care, conduct pressure releases.

10. Although a 4/14/2019 nursing note stated, "paraplegic with large painful bedsores to right side," Defendant failed to note any treatment rendered or plan of action to prevent worsening of the existing pressure sores or development of future pressure sores. In fact, they did not

develop a plan at all, and failed to provide any treatment. They should been, but were not doing daily skin integrity assessments, and treating any problems they found.

11. As a result of Defendant's failure, Plaintiff continues to experience excruciating pain to this day.

12. Defendant failed to administer medications as prescribed to Plaintiff pre-incarceration and to recognize the potential danger in changing doses or sudden discontinuation of certain medications. The meds were gabapentin or Leorosil or baclofen.

13. Plaintiff repeatedly complained of pain, but Defendant refused to prescribe and administer sufficient dosing of the medication Plaintiff took pre-incarceration for neuropathic pain. Thus he continued to be in significant, unnecessary pain.

14. Defendant failed to prescribe and administer the medication Plaintiff took pre-incarceration for treatment of spasms of his neurogenic bladder.  The problems that result from this include leakage of urine, wettting clothing, and resulting pressure sores

15. Defendant failed to recognize changes in vital signs as an indication of other issues due to paraplegia, where blood pressure could be increased by positioning issues, wet clothing, a need to change positions, and bed sores, which led to a failure to note problems with his conditions such as bedsores and treatment, which led to pain, infection, hospitalization, and worsened bed sores.

16. Thus, Defendant failed to accurately assess and document vital signs, especially blood pressure.

17. Thus, Defendant failed to appropriately refer Plaintiff for elevated blood pressure.

18. Defendant failed to accurately document procedures that were performed during Plaintiff's incarcerations.

19. Defendant failed to accurately document any wound care that was performed during Plaintiff's incarcerations. Nor did they carry out wound care, leading to his bedsores getting worse and infection.

20. Defendant failed to properly document the fall incident that occurred during Plaintiff's incarceration.

21. Defendant's nursing staff failed to practice within the scope of their practice as required by the Arkansas State Nurse Practice Act. LPNs can act as eyes and ears and hands, but cannot diagnose, assess, exercise nursing judgment, or create or decide a plan of care. LPNs observed conditions and significant changes in condition that required assessment of the patient and creating a plan of care, yet they failed to pass on these observations to an RN or physician, either directly or through documentation  Yet there was also sufficient documentation, and lack thereof, such that RNs and physicians failed to carry out their obligations to assess him and determine an appropriate plan of care, or to note that LPNs were not meeting their obligations. This led to plaintiff not receiving appropriate treatment in the form of an appropriate wheelchair, cushioning, catheter, medication, and skin assessment and treatment, which in turn left him languiishing in his own urine and wet clothes, embarassment, pain, bedsores, infection, and admission to the hospital.

## COUNT I

22. Plaintiff realleges the foregoing against Turn Key only as if more fully set out herein.

23. By virtue of the facts alleged herein, Defendant, Turn Key, is a healthcare provider within the meaning of Arkansas Medical Malpractice Act. Turn Key, LLC, is being sued for medical negligence, as well as common law negligence.

24. Defendant failed to provide the Plaintiff with appropriate care, causing Plaintiff to develop pressure sores and other infections. The pressure sores were completely avoidable.

25. A reasonable healthcare provider, providing medical care in Pulaski County, Arkansas, in 2019, would have provided Plaintiff with appropriate support to avoid pressure sores and the subsequent infections that developed and his falls.

26. Defendant had a duty to provide Plaintiff with appropriate medical care, which included turning Plaintiff, making sure his dietary needs were met, and to make sure that Plaintiff was not

laying in his own filth. However, Defendant, Turn Key, LLC, breached this duty, causing Plaintiff unnecessary pain, scarring, mental and emotional distress.

27. Defendant's actions were reckless because Defendant ignored Plaintiff's pleas for help. Defendant knew, or should have known, that ignoring Plaintiff's pleas for help would result in serious injury; and, Plaintiff, in fact, suffered some serious injury. Therefore, Plaintiff seeks reasonable and punitive damages against Defendant.

## COUNT II

28. Plaintiff realleges the foregoing as if more fully set out herein.

29. Plaintiff had a state constitutional right to appropriate healthcare, guaranteed Plaintiff under Article II, Section 22, of the Arkansas Constitution. This right is clearly established; and, therefore, Defendant violated Plaintiff's state constitutional rights.

30. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental, physical and emotional distress, incurred medical bills, experienced scarring; and, will continue to incur medical expenses in the future.

31. Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## JURY DEMAND

32. Plaintiff prays for a trial by jury.

WHEREFORE, Plaintiff prays for appropriate compensatory and punitive damages exceeding $1,000,000.00; for reasonable attorneys' fees; for injunctive relief, including posting of this lawsuit and any verdict at the jail, appointment of a monitor, training for jail and Turnkey staff, appropriate policies and procedures for Turnkey, for costs; for trial by jury; and, for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910 Office
501/315-1916 Facsimile
Attorneys for the Plaintiff

Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com